RONALD LEE GILMAN, Circuit Judge,
concurring.
I fully concur in both the reasoning and the result reached by the lead opinion. My purpose in writing separately is simply to point out that, in my opinion, Officer Mondeau’s alleged statements to the effect that he “loved to manhandle women” are of greater significance in this case than the footnote mention to which they are relegated. Lead Op. at 11 n. 8. Mondeau’s statements are not just after-the-fact characterizations, but rather provide a contemporaneous account of the force that he intended to exert in Lustig’s arrest. By his own alleged description, Mondeau did not simply escort Lustig by placing her in a control hold; he instead “manhandl[ed]” her.
Mondeau’s alleged statements thus bear on the excessive-force determination in this case and lend further support to the lead opinion’s conclusion in step one of its analysis that Mondeau’s alleged use of force was excessive. I believe the statements also factor into the second step of the lead opinion’s analysis in determining whether “it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.” Lead Op. at 14 (citation and quotation marks omitted). Again, Mondeau’s own alleged contemporaneous statements to the effect that he was “manhandlpng]” Lustig support the inference that he was or should have been aware that such conduct was unlawful.